

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EMN:SEF
F.#2008R01634

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 8, 2011

**Submitted Ex Parte and Under Seal**

**Via Hand Delivery**

The Honorable Sandra L. Townes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: United States v. Vernace, et al.
> Criminal Docket No. 11-005 (SLT)

Dear Judge Townes:

The government respectfully submits this letter ex parte and under seal to request, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, to limit disclosure of certain Rule 16 material. Specifically, the government seeks to delay disclosure of three recordings made by a cooperating witness (hereinafter, "CW") who is proactively cooperating with federal law enforcement agents in another District. Among other things, the government understands that the CW has been wearing a recording device while meeting with, among others, members and associates of organized crime, including members and associates of the Gambino organized crime family (the "Gambino family"). Notably, three recordings made by the CW appear to contain brief statements by defendant Bartolomeo Vernace. Copies of the recordings, as well as draft transcripts of the relevant excerpts, are enclosed as Exhibits A, A-1, B, B-1, C and C-1, for the Court's in camera review.

A.  Background

While the United States Attorney's Office for the Eastern District of New York and the New York Field Office of the Federal Bureau of Investigation (the "FBI") were conducting the investigation that yielded the case now before the Court, a separate investigation into organized crime was - and continues

to be - investigated by the United States Attorney's Office for the District of New Jersey and the Newark Office of the FBI. As part of that investigation, the FBI has been utilizing a CW to make numerous recordings.

On three occasions between June and October 2010, prior to the indictment of this case, the CW, who was equipped with a recording device, encountered Vernace at various social functions attended by members and associates of the Gambino family, including a wedding reception and two christenings. On each of those occasions - June 18, 2010, September 18, 2010, and October 2, 2010 - the CW greeted Vernace and the men exchanged brief pleasantries, but did not engage in any substantive conversation.[1] At no time in any of the recordings does there appear to have been any discussion about the predicate racketeering acts named in the superseding indictment against Vernace in the above-captioned case. Nor does there appear to have been any discussion of information that could be deemed exculpatory with respect to the pending charges.

The government's understanding is that the CW continues to engage in consensually-recorded meetings, at great jeopardy to his own safety, and, to date, his cooperation has not been disclosed.

B. Discussion

The Federal Rules of Criminal Procedure provide as follows:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1). The Advisory Committee Notes to the 1966 Amendments make clear that "[a]mong the considerations to be

---

[1] Although the government has attempted to transcribe the recordings as accurately as possible, the nature of these encounters - at large social functions at which there was considerable background noise - renders the conversations extremely difficult to hear.

2

taken into account by the court will be the safety of witnesses
and others, a particular danger or perjury or witness
intimidation. . . ." A decision to withhold discovery under Rule
16(d)(1) is left to the sound discretion of the district court,
and will not be disturbed on appeal absent a showing that "the
substantial rights of the defendant have been prejudiced."
United States v. Coiro, 785 F. Supp. 326, 330 (E.D.N.Y. 1992).

    Here, a protective order is warranted because
disclosure of the recordings at this juncture would reveal the
CW's cooperation with law enforcement, which would seriously
jeopardize the CW's safety and undermine the integrity of on-
going investigations, including of members and associates of the
Gambino family and other organized crime families of La Cosa
Nostra. See United States v. Yousef, 327 F.3d 56, 168 (2d Cir.
2003) (affirming district court's determination that a file
should remain sealed, in part, to protect confidential sources).

    Vernace will be not be prejudiced by non-disclosure.
Vernace's statements captured on the recordings with the CW
merely confirm his general association with La Cosa Nostra, which
association is evident from, inter alia, the voluminous discovery
previously disclosed to the defendant, including conversations
consensually-recorded by other cooperating witnesses, as well as
wiretap recordings and video and photographic surveillance and
materials related to and recovered from the execution of search
warrants on social clubs.

C.   Conclusion

    Accordingly, the government respectfully submits that a
protective order delaying disclosure of the three recordings by
the CW is warranted until such time as the fact of CW's
cooperation is made public. Given that disclosure of this letter

3

would jeopardize the CW's safety and the integrity of on-going investigations, the government requests that it be filed under seal.

>                             Respectfully submitted,
>
>                             LORETTA E. LYNCH
>                             United States Attorney
>
>                     By:     ____/s/____
>                             Evan M. Norris
>                             Stephen E. Frank
>                             Nicole M. Argentieri
>                             Assistant U.S. Attorneys
>                             (718) 254-6376/6143/6232

The application is X granted
___ denied.
SO ORDERED.

/s/ Sandra L. Townes
Sandra L. Townes, U.S.D.J.
Dated: November 15, 2011
Brooklyn, New York

4