UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

             -against-

ANTHONY VAGLICA,

             Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CR-0005 (S-1) (SLT)

**TOWNES, United States District Judge:**

      Defendant Anthony Vaglica ("Defendant") is one of several men charged in the above-referenced indictment with a single count of racketeering conspiracy in violation of 18 U.S.C. §1962(d). In that count, the superceding indictment in this case charges that Defendant was an associate in the Gambino crime family (the "Family") and conspired with four other members of the Family to violate that portion of 18 U.S.C. §1962(c) which makes it unlawful "to conduct or participate, directly or indirectly, in the conduct of [a criminal] enterprise's affairs through a pattern of racketeering activity."

      As used in section 1962(c), a "'pattern of racketeering activity' requires at least two acts of racketeering activity." 18 U.S.C. §1961(5). The superceding indictment alleges nine racketeering acts, three of which involve Defendant. Racketeering Act Six alleges that Defendant conspired with unspecified others either to make an extortionate extension of credit in or about and between January 1990 and March 2001 or to participate in the use of extortionate means to collect and attempt to collect extensions of credit during that period. Racketeering Act Seven alleges that in or about and between October 1990 and January 2003, Defendant and three co-defendants – Bartolomeo Vernace, Vito Cortesiano, and Robert Wehnert – together with others, conducted, financed, managed, supervised, directed and owned all or part of an illegal

gambling business. Racketeering Act Eight alleges that in or about and between October 1990 and January 2003, Defendant conspired with Messrs. Vernace and Wehnert to make extortionate extensions of credit to customers of the illegal gambling business referenced in Racketeering Act Seven.

The remaining six racketeering acts involve other defendants. For example, Racketeering Act One charges that, in 1981, Mr. Vernace conspired with unspecified others to distribute and possess with intent to distribute heroin, and did distribute and possess with intent to distribute heroin. Racketeering Acts Two and Three allege that, in April 1981, Mr. Vernace conspired with unspecified others to commit, and committed, the murders of John D'Agnese and Richard Godkin, respectively. In addition, Mr. Vernace alone is named in the second count, charging him with brandishing and discharging a firearm during and in relation to the racketeering conspiracy charged in Count One.

Defendant now moves pursuant to Fed. R. Crim P. 14 to sever his trial from that of Mr. Vernace. Defendant argues that the 1981 murders allegedly committed by Mr. Vernace "had nothing to do with the enterprise[']s concerns or activities," and that the spillover prejudice resulting from the introduction of evidence of these violent acts will deprive Defendant of a fair trial. Defendant's Memorandum of Law in Support of Severance Motion at 2.[1] In response, the government asserts that these murders are racketeering acts – not unrelated acts of violence – and that they have "continuing relevance to the activities of Vernace's crew nearly 20 years after the

---

[1]Since the pages of this submission are not numbered, this Court refers to the page numbers assigned by the Court's Electronic Case Filing system ("ECF").

2

event." Letter to Hon. Sandra L. Townes from AUSAs Evan M. Norris, Stephen E. Frank and Amir H. Toossi, dated Mar. 16, 2012, at 3.

## *DISCUSSION*

Rule 8(b) of the Federal Rules of Criminal Procedure provides that an indictment may jointly charge multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Joint trials "play a vital role in the criminal justice system" because they both promote efficiency and avoid the possibility of inconsistent verdicts. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Accordingly, the Supreme Court has expressed "a preference . . . for joint trials of defendants who are indicted together." *Id.* Indeed, the Second Circuit has noted that "[j]oint trials are often particularly appropriate in circumstances where the defendants are charged with participating in the same criminal conspiracy . . . ." *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003).

Rule 14(a) of the Federal Rules of Criminal Procedure authorizes severance "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." The decision regarding whether to grant or deny a severance is "committed to the sound discretion of the trial judge." *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir. 1989). Severance may be appropriate "when proof inadmissible against a defendant becomes a part of his trial solely due to the presence of co-defendants as to whom its admission is proper." *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998) (per curiam). However, "[a] defendant's claim that he was prejudiced by the admission of evidence at a joint conspiracy trial is insupportable when the evidence would have been admissible against him in a separate trial

alone as a member of the conspiracy." *Id.* (citing *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993). As the Second Circuit explained:

> A defendant's right to a fair trial does not include the right to exclude relevant and competent evidence. Thus, the fact that testimony against a codefendant may be harmful is not a ground for severance if that testimony would also be admissible against the moving defendant tried separately. Evidence at the joint trial of alleged coconspirators that, because of the alleged conspiratorial nature of the illegal activity, would have been admissible at a separate trial of the moving defendant is neither spillover nor prejudicial.

*Rosa*, 11 F.3d at 341.

In this case, the government alleges that Mr. Vernace is a captain in the Family, a criminal enterprise, and that Defendant is a member of Mr. Vernace's crew. The government contends that the murders which Mr. Vernace allegedly committed in 1981 were not random acts of violence, but racketeering acts, and that members of the crew continue to allude to these acts in the course of their loansharking activities. Under the government's theory, the proof that Defendant's alleged co-conspirator, Mr. Vernace, committed murders and brandished and discharged a firearm in furtherance of Family business would be relevant to the case against Defendant, even if Defendant were tried separately from Mr. Vernace.

Accordingly, this Court, in its discretion, finds that no substantial spillover prejudice will result from trying Mr. Vernace and his co-defendants together. Defendant's motion to sever is, therefore, denied. This Court will give an appropriate charge to limit any possible prejudice to Defendant and will afford Defendant an opportunity to submit proposed limiting language.

## CONCLUSION

For the reasons set forth above, Defendant Anthony Vaglica's motion for severance is denied.

**SO ORDERED.**

S/
/SANDRA L. TOWNES
United States District Judge

Dated: April 26, 2012
Brooklyn, New York